## BARNEY McELROUGE *v.* COMMONWEALTH.

**Appeal — Misdemeanor — Time in Which to File Record — Dismissal.**

> In a prosecution for a misdemeanor, an appeal cannot be maintained unless the record is lodged in the office of the clerk of the Court of Appeals within sixty days after the judgment is rendered.

APPEAL FROM JEFFERSON CIRCUIT COURT.

June 4, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

Judgment was rendered in this case on the 3d of January, 1866, and the appellant's motion for a new trial was overruled on the 29th of the same month; and it appears from the indorsement of the clerk of this court that the record was filed in his office on the 25th of January, 1867, so that more than one year elapsed **from the** rendition of the final judgment until the record was lodged **with** the clerk of this court.

*Section* 343, *Criminal Code,* provides that the appeal should be prayed during the term at which the judgment was rendered and shall be granted upon the condition that the record is lodged in the

clerk's office of the Court of Appeals within sixty days after the judgment.

It is apparent from this *section of the Criminal Code,* and it has been so ruled by this court that, in a prosecution for a misdemeanor, an appeal cannot be maintained unless the record is lodged in the office of the clerk of the Court of Appeals within sixty days after the judgment was rendered. As, therefore, the record was not lodged with the proper officer within the time prescribed, the motion of appellee must be sustained. Wherefore the appeal is *dismissed.*